## 42227. MARTELL v. ATLANTA BILTMORE HOTEL CORPORATION.

ARGUED SEPTEMBER 8, 1966—DECIDED SEPTEMBER 26, 1966—ADHERED TO ON REHEARING NOVEMBER 21, 1966—

*Noah J. Stone, Hugh W. Stone,* for appellant.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr.,* for appellee.

FELTON, Chief Judge. The contract sued on contains on its face all the essentials of a valid, binding, bilateral contract required by *Code* § 20-107. As against the general demurrer, the capacity of the parties to contract is presumed, as is their assent to the terms of the contract by their execution thereof. The subject matter is the stipulated services of the plaintiff and the consideration is the specified salary plus other agreed-on benefits.

There is nothing in the provisions of Paragraph 10 of the contract which is so vague or indefinite as to render the contract unenforceable for lack of mutuality, considering the nature of the services for which the contract stipulates. The discretion given the plaintiff-artist as to the conditions under which he is to perform is not unreasonable as a measure for the protection of the defendant hotel's, as well as his own, reputation. Contracts in which the promise of one party to render a performance is conditional on his own judgment and sensibilities have been almost universally upheld, being generally considered as requiring a performance which should be satisfactory to him in the exercise of an honest judgment, and in construing such contracts it is correct to take into consideration the nature of the subject matter of the contract, allowing a more subjective test where there are involved the services of a professional or specialist, who is better qualified to make such decisions. *Commercial Mortg. &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388 (145 SE2d 249) and citations.

It is contended that the entire contract is void because it is against public policy as indicated by the so-called "right to work law" (Ga. L. 1947, p. 616; *Code Ann. Ch.* 54-9). Section 54-902 (Ga. L. 1947, pp. 616, 618) provides: "Membership in labor organization as condition of employment.—No individual shall be required as a condition of employment, or of continuance of employment, to be or remain a member or an affiliate of a labor organization, or to resign from or to refrain from membership in or affiliation with a labor organization." Section 54-906 (Ga. L. 1947, pp. 616, 618) provides: "Deductions from wages of fees of labor organizations.—No employer shall deduct from the wages or other earnings of any employee any fee, assessment, or other sum of money whatsoever, to be held

for or to be paid over to a labor organization, except on the individual order or request of such employee, revocable to the will of the employee." Assuming, without deciding, that Paragraphs 3 and 5 of the contract, set out hereinabove, are in contravention of the above two statutes, this would not operate to void the entire contract or bar the plaintiff's recovery. Although illegal conditions are void, and are binding on no one (*Code Ann.* § 20-111), and a contract which is against the policy of the law cannot be enforced (*Code* § 20-504), *Code* § 20-112 provides: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." "A contract to do an immoral or illegal thing is void. If the contract be severable, that which is legal will not be annulled by that which is illegal." *Code* § 20-501. "Where an instrument in writing, purporting to be a bilateral contract, contains mutual promises, which without more and when taken independently of certain subsidiary provisions in the instrument would render the instrument valid as a contract, such subsidiary provisions will not, unless their terms imperatively demand it, be given a construction that will nullify and completely destroy the entire obligations of either party under the instrument and thus render the instrument lacking in mutuality and void." *Slater v. Savannah Sugar Refining Corp.,* 28 Ga. App. 280 (2) (110 SE 759); *Code Ann.* § 20-704 (4). "The rule is that where an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. But where the agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid." *Scott v. Hall,* 56 Ga. App. 467, 475 (192 SE 920) and cit. Accordingly, since the contract contains mutual, binding, legal promises independent of the two allegedly illegal, void provisions, the contract was severable, and the legal portions are not annulled by the illegal ones and can be enforced, disregarding the latter.

The fact that the contract contained provisions which may have been against public policy does not, under the circumstances, absolutely bar the plaintiff's right of recovery under its valid and legal portions. The statutes involved were enacted for the protection of the interests of the class of persons of which the plaintiff is a member and do not bar his recovery on the valid remainder of the contract. See *Scott v. Hall*, supra, (2); *Butler v. Carter*, 198 Ga. 754, 758 (2) (32 SE2d 808).

If the two provisions of the contract were void as against public policy, the employer was charged with this knowledge when he so contracted, so the effect of a breach of this condition by the plaintiff would have been merely to leave the plaintiff in the status of a non-union employee, still bound by the enforceable portions of the contract. The contract, then, was bilateral and binding on both parties and contains no provision which contemplates a unilateral abrogation thereof during the contract period.

It follows that the petition as amended stated a good cause of action for the breach of a valid contract and that the court erred in its judgment sustaining the defendant's renewed general demurrers thereto.

*Judgment reversed. Frankum and Pannell, JJ., concur.*