### 62532. O. H. CARTER COMPANY, INC. v. BUCKNER.

CARLEY, Judge.

In June of 1978, appellant-plaintiff, O. H. Carter, Inc. and appellee-defendant, Buckner, entered into a written employment contract whereby appellee was hired as an account executive. Appellee voluntarily terminated his employment with appellant in November, 1979. Thereafter, appellant brought this action against appellee seeking to recover $21,524.40 (amended at trial to $21,376.86), plus interest, attorney's fees and court costs pursuant to paragraph 2(e) of the employment agreement which provides, in pertinent part, as follows: "[Appellant] shall permit [appellee] a draw against commissions . . . [Appellee] understands and agrees that the draw set forth herein is a loan made by [appellant] to [appellee] as an advance on future commissions and is in no way a salary or to be taken as a guarantee of commissions . . . In the event of the termination of [appellee's] employment hereunder, the excess, if any, of [appellee's] draw over his unpaid commissions (hereinafter referred to as "excess") shall be immediately due and payable by [appellee] to [appellant]." This particular provision also provided for the payment of interest on all such "excess" remaining unpaid thirty (30) days after the date of termination of employment and for attorney's fees in the event the matter had to be referred to an attorney for collection.

Appellee answered and counterclaimed. After discovery, the matter proceeded to trial before a jury. Upon conclusion of the

presentation of appellant's evidence, appellee moved for and was granted a directed verdict on the basis that the employment contract sued upon was unenforceable as a matter of law. From the judgment entered on the direction of the verdict in favor of appellee, appellant brings this appeal.

The employment contract, in addition to numerous other paragraphs and provisions pertaining to terms and conditions of appellee's employment with appellant, contained a nondisclosure provision and a noncompetition provision. It appears from the record that the trial court found the terms of the aforesaid contractual restraints to be so overly broad as to constitute unreasonable restraints on trade, and, thus, void and unenforceable. Relying upon *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972), the trial court also found that "where one clause or covenant contained in a contract is determined to be unenforceable, then the contract as a whole is unenforceable as a matter of law." The trial court concluded that no action could be maintained on any part of the employment contract because of the unenforceability of the nondisclosure and noncompetition provisions included therein.

The only issue for resolution on appeal is the propriety of the trial court's order directing a verdict in favor of appellee based upon the conclusion that the employment contract, as a whole, was unenforceable. Assuming, without deciding, that the two restrictive covenants included in the contract are in contravention of public policy and could not be enforced (Code Ann. § 20-504), we do not believe that such unenforceability would necessarily render the remainder of the contract void. Code Ann. § 20-112 provides: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such cases is determined by the intention of the parties." "If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced. . ." Code Ann. § 20-702. " 'Where an instrument in writing, purporting to be a bilateral contract, contains mutual promises, which without more and when taken independently of certain subsidiary provisions in the instrument would render the instrument valid as a contract, such subsidiary provisions will not, unless their terms imperatively demand it, be given a construction that will nullify and completely destroy the entire obligations of either party under the instrument and thus render the instrument lacking in mutuality and void.' [Cits.] 'The rule is that where an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. But where the agreement is founded on a legal consideration

containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid.' [Cit]." *Martell v. Atlanta Biltmore Corp.,* 114 Ga. App. 646, 649 (152 SE2d 579) (1966). See also *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 861 (118 SE2d 234) (1960); *Horne v. Drachman,* 247 Ga. 802, 804-806 (2) (280 SE2d 338) (1981).

Applying the foregoing principles to the facts of the instant case, we find the employment contract to be severable, as opposed to entire, and hold that the invalidity of two contractual restrictions included in the contract is not fatal to appellant's claim premised on a separate and valid portion of the agreement. As to the respective nondisclosure and noncompetition paragraphs, the contract clearly recites that: "[These restrictive covenants] shall be construed as an agreement independent of any other provision in this Agreement." Such language is a clear expression of the intent of the parties as to the severability of the restrictive covenants from the remainder of the contract. Cf. *Jones v. Clark,* 147 Ga. App. 657 (1) (249 SE2d 619) (1978); *Orkin Exterminating Co. v. Harris,* 224 Ga. 759-760 (1) (164 SE2d 727) (1968). Moreover, the provision of the contract upon which appellant's claim is based — the agreement pertaining to draws on commissions and repayment of any "excess" — contains mutual promises of the parties distinct and separable from the nondisclosure and noncompetition covenants. "[S]ince the contract contains mutual binding legal promises independent of the two allegedly illegal, void provisions, the contract was severable, and the legal portions are not annulled by the illegal ones and can be enforced, disregarding the latter." *Martell v. Atlanta Biltmore Corp.,* supra, 649.

*Rita Personnel Services v. Kot,* supra, does not demand a contrary conclusion. In *Rita,* the Supreme Court merely declined to apply "the Blue-pencil theory of severability" to an overly broad covenant-not-to compete contained within a franchise agreement. In so doing, the Court stated: "The restrictive covenant in the case at bar, when read in its entirety is unenforceable in Georgia, and Rita should have known that *the entire covenant would be unenforceable in Georgia.*" (Emphasis supplied.) *Rita* supra at 317. Contrary to the contentions of appellee, the Court in *Rita* did not void the *entire* franchise agreement because of the illegal covenant contained therein. Rather, the Court in *Rita* declared as void and refused to enforce only "the entire restrictive covenant."

For the foregoing reasons the trial court erred in granting a directed verdict in favor of appellee on the basis that the contractual restrictions within the employment contract were void and

non-severable. Accordingly, the judgment must be reversed.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*Jay G. Davis,* for appellant.
*Jeffrey R. Sliz, Fletcher W. Griffin III,* for appellee.