## 63312. MERREN v. PLAZA TOWERS LIMITED PARTNERSHIP et al.

BANKE, Judge.

The issue in this appeal is whether legal services can be considered "services ordinarily furnished by hotels" within the meaning of the zoning ordinance of the City of Atlanta.

The appellant rented space for a law office in the Plaza Towers Condominiums and brought this suit seeking relief for an alleged breach of the lease agreement. The appellees counterclaimed, contending, among other things, that they were entitled to a writ of possession because the lease was in violation of the applicable zoning ordinance. The trial court granted their motion for summary judgment as to this portion of the counterclaim, and also as to two counts of the complaint in which the appellant had sought certain equitable relief. The latter portion of the court's ruling is not attacked in this appeal.

The building is located in an area zoned "A-2 Apartment Dwelling District," and its use is consequently limited by the following portion of the city's zoning ordinance: "Multiple dwellings in buildings five (5) stories and higher may furnish services ordinarily furnished by hotels, such as a drugstore, barber shop, cigar and newsstands, when such uses are located entirely within the building with no entrance from the street nor visible from any sidewalk, and having no sign or display visible from the outside of the building, indicating the existence of such use." The lease provides that the premises "shall be used and occupied solely as an attorney's office by lessee." *Held:*

The trial court was correct in concluding as a matter of law that legal services are not among the services contemplated by the above-quoted language of the ordinance. The evident intention of the provision is to limit commercial business establishments in A-2 apartment dwelling districts to those which primarily serve customers within the building or complex, rather than the public at large. An attorney's office would not ordinarily be established to supply such a limited market, and we can take judicial notice that hotels do not ordinarily make an attorney's office available for the convenience of their customers.

The requirement in the lease that the space be used solely as an attorney's office cannot be considered merely an ancillary covenant but must be considered central to the contract. Because of this and because the agreement contains no severability clause, we hold that the trial court did not err in granting the writ of possession. Compare *Martell v. Atlanta Biltmore Hotel Corp.,* 114 Ga. App. 646 (152 SE2d

579) (1966). See generally Code §§ 20-112, 20-501, and 20-504.
*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 18, 1982 —
REHEARING DENIED MARCH 8, 1982.

*Jackie Kleiner, Bernard M. Gerber,* for appellant.
*Peyton S. Hawes, Jr., Robert S. Jones, Julie Childs,* for appellees.