A92A0796. CIRCLE APPLIANCE LEASING, INC. v. APPLIANCE WAREHOUSE, INC.
(425 SE2d 339)

POPE, Judge.
Defendant Appliance Warehouse, Inc. ("AWI") operates an appliance leasing business in Atlanta. On April 1, 1989, AWI entered into a written contract entitled "Consulting Agreement" with plaintiff Circle Appliance Leasing, Inc. ("Circle"). Circle is a Texas corporation which operates an appliance leasing business in Dallas. Pursuant to the terms of the consulting agreement, Circle agreed to provide certain consulting services to AWI, including training of employees, a computer software system designed specifically for the appliance leasing business and a $50,000 guaranty of indebtedness to suppliers. In consideration for these services, AWI agreed to pay Circle $25,000 upon the execution of the agreement and certain percentages of gross sales over the life of the agreement. A separate paragraph of the agreement also provided that in consideration of the consultation services to be furnished by Circle, AWI agreed not to compete with Circle in the appliance leasing business anywhere within the continental United States. In consideration for AWI's promise not to compete, Circle agreed not to compete with AWI in the Atlanta metropolitan area.

At some point, AWI ceased making payments to Circle pursuant to the terms of the agreement and Circle filed a complaint against AWI for breach of contract. AWI's answer to the complaint included, inter alia, the defense that the complaint is barred by illegality. The trial court granted AWI's motion for summary judgment on the complaint, finding the non-competition provisions of the agreement are not severable from the remaining portions of the agreement and that the agreement is unenforceable. Circle appeals, admitting the non-competition provisions of the agreement are unenforceable but arguing that they are severable from the remaining provisions and that AWI's promise to pay Circle for consulting services is enforceable. We agree.

1. Pursuant to OCGA § 13-3-45, "If the consideration is illegal in whole or in part, the whole promise fails." Relying upon this Code section, AWI argues that the entire contract between the parties is unenforceable because the non-compete promise is illegal. This argument confuses the unenforceability of a "whole promise" with the unenforceability of an entire contract and ignores the statutory policy of this state to sever, when possible, the unenforceable provisions of a contract from those provisions which are enforceable.

Pursuant to OCGA § 13-8-1, "A contract to do an immoral or illegal thing is void. If the contract is severable, however, the part of the contract which is legal will not be invalidated by the part of the contract which is illegal." Whether a contract is severable "is determined by the intention of the parties." OCGA § 13-1-8 (b). The written agreement at issue in this case contains a severability clause specifically providing that if any clause or provision of the agreement is adjudged to be invalid or unenforceable, that clause shall be severable and shall not invalidate the remainder of the agreement. Such language is a clear and enforceable expression of the intent of the parties to render the contract severable. See O. H. Carter Co. v. Buckner, 160 Ga. App. 627 (287 SE2d 636) (1981). We reject AWI's argument that the nonseverability of the promise not to compete is proved by deposition testimony in which Circle's officers admitted that the consideration for their promise to render consulting services consisted not only of monetary payments but AWI's promise not to compete. This testimony is perfectly consistent with the non-compete clause of the written agreement, which clearly states that the promise not to compete is consideration, along with the payments, for the consulting services. Neither the non-compete clause nor the testimony alters, however, the effect of the severability clause of the agreement. Thus, the trial court erred in concluding the non-compete clause is not severable from the remainder of the agreement.

2. It follows that the remaining provisions of the agreement, including AWI's promise to pay Circle certain percentages of gross

sales, is enforceable. "If the *consideration supporting a promise* is illegal in whole or in part, the *whole promise* fails. See OCGA § 13-3-45; *Hanley v. Savannah Bank &c. Co.*, 208 Ga. 585 (68 SE2d 581) (1952). It does not follow from this, however, that the invalidity of *a single illegal promise* necessarily results in the unenforceability of an entire contract. . . . [A] contract may include a promise to do more than one thing. Thus, the illegality of a single promise is not necessarily synonymous with the illegality of the entire contract. Accordingly, the resulting rule is that, if a contract is otherwise based on *sufficient legal consideration and also contains multiple promises* which 'are divisible in containing a lawful agreement . . . coupled with a separable (unlawful) promise . . . , any unenforceability of the latter will not affect the validity of the former agreement. (Cits.)' *Roberts v. H. C. Whitmer Co.*, 46 Ga. App. 839 (1) (169 SE 385) (1933)." *Starr v. Robinson*, 181 Ga. App. 9, 10 (351 SE2d 238) (1986). See also *National Consultants v. Burt*, 186 Ga. App. 27 (3) (366 SE2d 344) (1988); *Jones v. Clark*, 147 Ga. App. 657 (249 SE2d 619) (1978); *Martell v. Atlanta Biltmore Hotel Corp.*, 114 Ga. App. 646, 649 (152 SE2d 579) (1966).

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 4, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992 

*Ford & Harrison, F. Carlton King, Jr.*, for appellant.
*Kidd & Vaughan, Charles M. Kidd, Gwenn D. Holland, David N. Schaeffer*, for appellee.