[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 21, 2005
THOMAS  K. KAHN
CLERK

No. 04-15679

_____

D.C. Docket No. 03-03104-CV-JOF-1

KRISTA JACKSON,

Plaintiff-Appellant,

versus

CINTAS CORPORATION,
RANDY HATFIELD,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(**September 21, 2005**)

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eight Circuit, sitting by designation.

This appeal by an employee who sued her former employer presents three issues. The first issue is a jurisdictional question of first impression in our circuit: whether an order compelling arbitration and dismissing a complaint, but retaining jurisdiction over a motion for sanctions, is a final and appealable decision. Because the dismissal disposes of the entire case on the merits and the motion for sanctions raises only a collateral issue, we conclude that the dismissal is a final and appealable order. The second issue is whether the district court erred when it severed an invalid provision of the arbitration clause instead of refusing to enforce the entire arbitration clause. Because the severability clause is enforceable under Georgia law, we conclude that severance was proper. The final issue is whether the district court abused its discretion when it denied discovery under Federal Rule of Civil Procedure 56(f). Because the discovery sought by the employee could not have affected the enforceability of the arbitration clause, we conclude that the denial of discovery was not an abuse of discretion. Accordingly, we AFFIRM.

## I. BACKGROUND

Krista Jackson worked as a sales representative for Cintas Corporation from October 2001 until February 2003. As a condition of her employment, Jackson signed an employment agreement that provided for arbitration as the exclusive method for resolution of all claims of Jackson against Cintas. The agreement also

contained a severability clause. Jackson read the agreement and noticed the dispute resolution provisions, but contends that she did not understand the meaning of arbitration. She asserts that she believed she was required to negotiate all claims with Cintas, but that she retained the right to sue if negotiations failed.

After her employment with Cintas ended, Jackson sued Cintas and alleged that Cintas discriminated against her in violation of Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, the Family Medical Leave Act, the Fair Credit Reporting Act, the Fair Labor Standards Act, and 42 U.S.C. section 1981(a). Cintas moved to dismiss or, in the alternative, to stay Jackson's lawsuit pending arbitration under the employment agreement. In response, Jackson argued that the agreement was unconscionable and, therefore, unenforceable. Jackson also contended that the agreement was potentially unenforceable for lack of consideration and moved for leave to conduct discovery under Federal Rule of Civil Procedure 56(f) on this issue. Approximately five months later, Jackson filed a motion to compel this discovery, and Cintas filed a motion for Rule 11 sanctions.

The district court ruled on three matters pertinent to this appeal. First, although the district court concluded that the one-year limitations period in the arbitration agreement was substantively unconscionable because it potentially

3

deprived Jackson of her right to assert claims under the Fair Credit Reporting Act and the Fair Labor Standards Act, which have longer limitations periods, the court held that the limitations provision was severable. The district court, therefore, enforced the remainder of the arbitration clause. Second, the court denied Jackson's request for discovery under Federal Rule of Civil Procedure 56(f). Jackson sought discovery to establish that Cintas used the employment agreement selectively and to establish that the agreement was illusory and lacked consideration. The district court determined that the discovery was unnecessary because it could not affect the enforceability of the arbitration clause in the employment agreement. Third, the court compelled arbitration and dismissed the complaint, but retained jurisdiction over the motion for sanctions. Jackson timely appealed.

## II. STANDARD OF REVIEW

We review de novo an order by a district court compelling arbitration. See Employers Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1321 (11th Cir. 2001). We review a denial of discovery under Federal Rule of Civil Procedure 56(f) for abuse of discretion. See Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1315 (11th Cir. 1990).

## III. DISCUSSION

4

Jackson challenges both the severance of the limitations period from the arbitration clause, which she contends is wholly unenforceable, and the denial of her discovery request. Before we consider the merits of Jackson's appeal, we must address a threshold issue of jurisdiction: whether an order dismissing a complaint and compelling arbitration is a final decision when the district court retains jurisdiction over a motion for sanctions under Rule 11. After we resolve that issue, we turn to the severance of the limitations period from the arbitration clause and then to the denial of the discovery requested by Jackson.

## A.  Final and Appealable Decision

The Federal Arbitration Act (FAA) allows an immediate appeal from any "final decision with respect to arbitration."  9 U.S.C. § 16(a)(3).  A decision is final within the meaning of Section 16(a)(3) where the court "dispose[s] of the entire case on the merits and [leaves] no part of it pending before the court." Green Tree Financial Corp.-Ala. v. Randolph, 531 U.S. 79, 86, 121 S. Ct. 513, 519 (2000) (internal quotations omitted).  When it compelled arbitration, dismissed the complaint, and entered a judgment, the district court resolved "the entire case on the merits" and left "no part of it pending before the court." Id.

Although the district court retained jurisdiction to decide a motion for sanctions under Rule 11, that motion raised a collateral issue.  "A question

5

remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200, 108 S. Ct. 1717, 1720 (1988) (citing Brown Shoe Co. v. United States, 370 U.S. 294, 308-09, 82 S. Ct. 1502, 1514-15 (1962); Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 513-16, 70 S. Ct. 322, 325-26 (1950)). We have consistently held that motions for sanctions raise issues that are collateral to the merits of an appeal. See Mahone v. Ray, 326 F.3d 1176, 1180-81 (11th Cir. 2003) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S. Ct. 2447, 2455-56 (1990); Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998); Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993)). In addition, every other circuit has held that the pendency of a motion for sanctions after a dismissal on the merits does not bar appellate jurisdiction. See Dyer v. Lindblade (In re Dyer), 322 F.3d 1178, 1186 (9th Cir. 2003); Brown v. Francis, 75 F.3d 860, 864 n.3 (3d Cir. 1996); Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir. 1990); Cleveland v. Berksen, 878 F.2d 1034, 1036 (7th Cir. 1989).

Although none of these precedents involved a dismissal accompanied by an order compelling arbitration, that distinction is immaterial. The district court entered a judgment and dismissed the entire case on the merits. That judgment

6

was a final decision, even though the district court retained jurisdiction to decide a motion for sanctions. We, therefore, have jurisdiction to decide the merits of this appeal.

**B. Severability of Illegal Provision of Arbitration Clause**

It is undisputed that the arbitration clause contained an illegal provision that purported to limit the time in which Jackson could bring claims against Cintas, but the arbitration clause also contained a severability provision. Jackson argues that the illegal provision invalidated the entire arbitration clause. Cintas argues that the agreement provides for severance of the invalid provision, which means that the remainder of the arbitration clause is still enforceable. We agree with Cintas.

We are guided by our precedent in Anders v. Hometown Mortgage Servs., Inc., 346 F.3d 1024 (11th Cir. 2003), which also involved a severability clause in an arbitration agreement. We held that "[w]hether the severability provision is to be given effect is a question of state law, because in placing arbitration agreements on an even footing with all other contracts, the FAA makes general state contract law controlling." Id. at 1032. As we explained in Anders, the decision relied upon by Jackson, Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054 (11th Cir. 1995), is inapposite because there was no mention in that appeal of severability as a possible remedy. See id.; see also Anders, 346 F.3d at 1031-32.

Although Anders involved Alabama law, we must apply Georgia law regarding the enforceability of severability provisions in contracts.

Under Georgia law, a contract may be either entire or severable. O.C.G.A. § 13-1-8(a). If a contract is severable, the part of the contract that is valid will not be invalidated by a separate part that is unenforceable. Id. The intent of the parties determines whether a contract is severable. Id. § 13-1-8(b).

Under Georgia law, "[t]he parties intent may be expressed directly, through a severability clause, or indirectly . . . ." Vegesina v. Allied Informatics, Inc., 572 S.E.2d 51, 53 (Ga. App. 2002) (quotations and citation omitted). "A severability clause indicates the intent of the parties where the remainder of the contract can exist without the void portion." Capricorn Sys., Inc. v. Pednekar, 546 S.E.2d 554, 559 (Ga. App. 2001); see also Primerica Fin. Servs., Inc. v. Wise, 456 S.E.2d 631, 635 (Ga. App. 1995); Circle Appliance Leasing, Inc. v. Appliance Warehouse, Inc., 425 S.E.2d 339, 340 (Ga. App. 1992). Because severability clauses are enforceable under Georgia law and the FAA requires that arbitration agreements be treated no less favorably than other contracts under state law, the district court

properly applied the severability clause to enforce the remainder of the arbitration agreement.[1]

## C. Rule 56(f) Discovery

Jackson argues that the district court abused its discretion when it denied her motion for discovery under Federal Rule of Civil Procedure 56(f). She contends that she was entitled to discovery regarding whether Cintas selectively required employees to sign the employment agreement that contained the arbitration clause. Jackson argues that this discovery would show that the arbitration agreement lacked consideration and was, therefore, unenforceable.

The district court did not abuse its discretion when it denied this discovery request. We agree with the district court that Jackson's argument evidences a misunderstanding of the concept of consideration. Under Georgia law, a mutual exchange of promises constitutes adequate consideration. See Brown v. McGriff, 567 S.E.2d 374, 376 (Ga. App. 2002). Because Cintas promised to provide Jackson a job as consideration for her assent to the employment agreement, whether Cintas used an employment agreement with other employees has no

---

[1]In her reply brief, Jackson cites several cases in support of the proposition that Georgia's policy of encouraging severability where the parties have expressed an intent to sever is more limited in the context of employment contracts. However, these cases address the policy problems inherent in severing unconscionable provisions in covenants not to compete rather than arbitration provisions.

9

bearing on the enforceability of the arbitration agreement with Jackson. The district court reasonably concluded that Jackson failed to show how the discovery would have any impact on the enforceability of the arbitration clause.

## IV. CONCLUSION

Although the district court retained jurisdiction over the motion for sanctions, the dismissal and order compelling arbitration was a final appealable decision. Because the district court properly severed the limitations provision and enforced the remainder of the arbitration clause and the district court did not abuse its discretion when it denied Jackson's request for Rule 56(f) discovery, the judgment of the district court is

**AFFIRMED**.