[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13828
Non-Argument Calendar
_____

D. C. Docket No. 04-01468-CV-ORL-22-JGG

ALBERT ROBINSON,

Plaintiff-Appellant,

versus

ADVENTIST HEALTH SYSTEM,
d.b.a. Florida Hospital Orlando,
D. W. LEWIS,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2007)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Albert Robinson, a black male, appeals pro se the district court's grant of the defendant's, Adventist Health System d/b/a Florida Hospital Orlando ("Florida Hospital"), motion for summary judgment in his employment discrimination, harassment, and retaliation action brought pursuant to Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3. Robinson's claims involve several allegedly discriminatory incidents that culminated in his termination in March 2003. Florida Hospital asserted below that it had terminated Robinson's employment because he threatened to kill a co-worker. On appeal, Robinson argues that the magistrate judge abused his discretion in denying his motion to compel discovery and in denying his subsequent motion under Fed. R. Civ. P. 56(f). Robinson further contends that the district court erred in granting summary judgment in Florida Hospital's favor.

*I. Motion to Compel and Motion Under Rule 56(f)*

We review a district court's denial of a motion to compel discovery for an abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). A "district court is allowed a range of choice in such matters, and [this Court] will not second-guess the district court's actions unless they reflect a clear error of judgment." Id. (quotations omitted). Likewise, a denial of discovery

under Rule 56(f) is reviewed for an abuse of discretion. <u>Jackson v. Cintas Corp.</u>, 425 F.3d 1313, 1316 (11th Cir. 2005).

Rule 56(f) states,

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Accordingly, a party opposing summary judgment must provide the court with an affidavit justifying the need for additional discovery. <u>See</u> <u>id.</u> Additionally,

> [t]he party seeking to use rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

<u>Reflectone, Inc. v. Farrand Optical Co.</u>, 862 F.2d 841, 843-44 (11th Cir. 1989) (quotations omitted).

In this case, the magistrate judge did not abuse his discretion in denying Robinson's motion to compel discovery or in denying Robinson's motion under Rule 56(f). The magistrate judge held a hearing to address Robinson's discovery concerns and determined that Florida Hospital would comply with all of

3

Robinson's requests. Because all of Robinson's discovery requests were satisfied, the magistrate judge then denied the motion as moot. The magistrate judge's denial was not an abuse of discretion.

As for Robinson's motion under Rule 56(f), Robinson did not file any affidavits with this motion. Accordingly, Robinson did not comply with the requirements of Rule 56(f), and thus, could not seek relief under this rule. Therefore, the magistrate judge did not abuse his discretion in denying Robinson's motion under Rule 56(f).

## II. *Motion for Summary Judgment*

We review a "district court's grant or denial of summary judgment de novo." Holloman, 443 F.3d at 836. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." Id. at 836-37 (citing Fed. R. Civ. P. 56(c)). In reviewing the motion, we view the evidence and all factual inferences in a light most favorable to the non-moving party, and all reasonable doubts about the facts are resolved in favor of the non-movant. Johnson v. Bd. of Regents, 263 F.3d 1234, 1243 (11th Cir. 2001). A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth

specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). The district court is required to enter summary judgment for the moving party "[i]f the non-moving party fail[ed] to make a sufficient showing on an essential element of [his] case with respect to which [he] ha[d] the burden of proof." Gonzalez v. Lee County Hous. Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) (quotation omitted). Pro se pleadings and appellate briefs are entitled to liberal construction. Drew v. Dep't of Corrs., 297 F.3d 1278, 1285 (11th Cir. 2002) (discussing pro se pleadings); Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 n.2 (11th Cir. 1991) (discussing pro se appellate briefs).

*A. Claims barred as outside the statutory limitations period*

Under Title VII, 42 U.S.C. § 2000e-5(e)(1), to challenge an employment practice, a person must first file a timely charge with the Equal Employment Opportunities Commission ("EEOC") . Ledbetter v. Goodyear Tire & Rubber Co., Inc., ___ U.S.____, 127 S. Ct. 2162, 2166-67 (2007). In a "deferral state," such as Florida, an administrative charge must be filed within 300 days of the offending act. EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1).

In this case, all of Robinson's claims, except for his claim of retaliation based on the termination of his employment, are time-barred.[1] Robinson filed his charge of discrimination with the local state agency, on September 22, 2003. Thus, all claims relating to acts of discrimination, retaliation, or failure to promote occurring before November 26, 2002, 300 days earlier, are time-barred. Because the only incident listed in Robinson's complaint that occurred within this period is his termination, all of his other claims are time-barred. Thus, the only claim that we will address on the merits is Robinson's claim of retaliation based on the termination of his employment.

*B. Retaliation claim*

In order to prove retaliation under Title VII, a "plaintiff must show that (1) [he] engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (quotation omitted). If the plaintiff succeeds, the burden shifts to the employer "to articulate a legitimate, nondiscriminatory reason for the challenged employment action." Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th

---

[1]Robinson's hostile environment claim arguably is not time-barred because one incident alleged in the his complaint allegedly occurred within the 300-day limit. However, Robinson adduced no evidence with respect thereto. Moreover, the claim was not exhausted.

6

Cir. 2001). We have held that this burden is "exceedingly light" and that the employer "need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004) (quotation omitted). If the defendant meets its burden, the burden then shifts back to the plaintiff to show "by a preponderance of the evidence that the reason provided by the employer" was pretext for discrimination. Pennington, 261 F.3d at 1266. A plaintiff may not meet his burden of showing pretext "merely by questioning the wisdom of the employer's reason as long as the reason is one that might motivate a reasonable employer." Id. at 1267 (quotations omitted). A reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1163 (11th Cir. 2006).

As an initial matter, we assume, without deciding, that Robinson established a prima facie case because the district assumed this, Florida Hospital does not contest this on appeal, and as discussed below, Robinson fails in the later stages of this burden-shifting analysis. In this case, the district court did not err in granting Florida Hospital's summary judgment motion as to Robinson's retaliation claim because Robinson failed to show that Florida Hospital's legitimate, non-

7

discriminatory reason was pretextual. Florida Hospital explained that it fired Robinson because a co-worker alleged that Robinson had threatened to kill him, an HR representative investigated the claim, and upon the conclusion of that investigation, the HR representative found that the incident warranted Robinson's termination. Florida Hospital's proffered reason is a legitimate, non-discriminatory reason that would "motivate a reasonable employer" to terminate Robinson's employment and meets its "exceedingly light" burden of production.

Robinson's claim of retaliation fails because he did not show that Florida Hospital's legitimate, non-discriminatory reason was pretextual. Robinson did not allege below and does not contend on appeal that the person who made the ultimate decision to terminate Robinson's employment, the HR representative, failed to base that decision on a real allegation or that he had a discriminatory motive. All of Robinson's alleged material, disputed facts relating to past incidents, his job title, and promotions are irrelevant because they were not part of the HR representative's decision-making process. Accordingly, Robinson failed to show that the decision to terminate his employment based on his alleged threat to kill a co-worker was pretext for discrimination. Therefore, after carefully reviewing the parties' briefs and the record, and taking all the facts in the light most favorable to Robinson, we hold that there are no material, disputed facts, and we affirm the

8

district court's grant of summary judgment as to Robinson's claim of retaliation.

**AFFIRMED**.[2]

---

[2]The appellant's request for oral argument is **DENIED**.