[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12020
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-61830-FAM,
Bkcy No. 14-bkc-11822-RBR

In Re: MARY A. TUCKER,

Debtor.

_____

MARY A. TUCKER,

Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mary Tucker, a Chapter 13 debtor proceeding *pro se*, appeals the district court's order dismissing for mootness her appeal of the bankruptcy court's (1) order granting JP Morgan Chase Bank N.A. ("Chase") relief from the automatic stay as to a mortgage on Tucker's real property (the "stay-relief order"); and (2) denials of her two subsequent motions to vacate. She argues her case is not moot, and effective relief remains available. Alternatively, she argues that her case falls within the exception to mootness for matters capable of repetition, yet evading review. Additionally, Tucker asserts that the bankruptcy and district courts should have determined Whether Chase violated the automatic stay by filing several documents in a state foreclosure proceeding. After review of the record and the parties' briefs, we affirm the district court's dismissal.

## I.

On January 27, 2014, Tucker initiated Chapter 13 bankruptcy proceedings. Prior to those proceedings, in May of 2009, Tucker and Chase became embroiled in a mortgage-foreclosure proceeding in state court concerning her property in Parkland, Florida ("*Tucker I*"). *Tucker I* was pending at the time that the Chapter 13 bankruptcy proceedings were initiated. On February 23, 2015, the Bankruptcy Court confirmed Tucker's fifth amended Chapter 13 plan. Tucker agreed to deal with her debtors directly, outside of her Chapter 13 plan, with respect to the property that was the subject of *Tucker I*.

2

After the confirmation of Tucker's Chapter 13 plan, Chase moved the Bankruptcy Court to lift the automatic stay of relief that accompanied the bankruptcy-plan confirmation in order to resolve the litigation in *Tucker I*. Immediately after the Bankruptcy Court granted Chase relief from the automatic stay, Chase filed documents with the state court in *Tucker I*. Tucker subsequently moved to vacate the stay-relief order and, after the motion was denied, moved for relief from judgment, which was also denied.

Tucker appealed to the district court the bankruptcy court's orders granting Chase relief from the automatic stay and denying her motion to vacate. Before the district court ruled on the appeal, Tucker then moved in the bankruptcy court to vacate the order denying her first motion to vacate. The bankruptcy court denied Tucker's second motion to vacate.

So Tucker amended her notice of appeal to the district court to include the bankruptcy court's denial of the second motion to vacate. While Tucker's appeal to the district court was pending, the bankruptcy court dismissed her Chapter 13 proceedings because she failed to make required payments under her Plan. Chase then moved the district court to dismiss Tucker's appeal of the stay-relief order, arguing that it was mooted by the dismissal of her Chapter 13 case. The district court granted the motion and dismissed Tucker's appeal.

3

Before this Court, Tucker argues that her appeal is not moot, and that even if it is, it fits into the exception for matters that are capable of repetition, yet evading review. She also argues that the bankruptcy and district courts erred in failing to find that Chase violated the automatic stay by prematurely executing the stay-relief order.

## II

We consider questions of mootness, which implicate our jurisdiction, *de novo*. *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1255 (11th Cir. 2017).

Under Article III of the United States Constitution, our jurisdiction is limited to "actual, ongoing cases or controversies." *Id*. (internal quotations omitted). It is not enough for an actual controversy to exist at the time of the complaint. Rather, "an actual controversy must be extant at all stages of review." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)). *See also, e.g.*, *Roe v. Wade*, 410 U.S. 113, 125 (1973).

One component of this requirement is reflected in the mootness doctrine. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id*. (internal quotations omitted). Regardless of whether the parties "vehemently . . . continue to dispute

4

the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotations omitted).    Mootness doctrine requires us consider the challenged events at the present time, not when the plaintiff filed the complaint or court issued the challenged order.  *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

The doctrine of mootness is not without its exceptions. When a claim is "capable of repetition, yet evading review," a court may retain jurisdiction over a case that would otherwise be moot.  *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1343 (11th Cir. 2014).  *See also Bourgeois v. Peters*, 387 F.3d 1303 (11th Cir. 2004) (applying the exception).  But this exception is limited to situations where (1) the challenged action is too short in duration to be fully litigated prior to its cessation, and (2) a reasonable expectation exists that the same complaining party will be subject to the same action again.  *Arcia*, 772 F.3d at 1343.  So in the second situation, a "mere physical or theoretical possibility" of repetition is not sufficient; the record must reflect a "demonstrated probability" that the same controversy will recur involving the same complaining party.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

**III**

**A**

In the bankruptcy context, we have held that "the dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings." *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015). In *Neidich*, the appellant sought review of whether a debtor, in his Chapter 13 plan, could deduct scheduled payments on a secured mortgage debt from disposable income, even though he was not making those payments. *Id.* at 1215. After the parties filed their briefs, the debtor asked the bankruptcy court to dismiss his case without prejudice, and the court complied. *Id.* at 1216. As a result, the debtor no longer had a Chapter 13 plan containing the objected-to deduction. *Id.* Accordingly, we concluded that "any ruling on our part would amount to an impermissible advisory opinion concerning the propriety of the challenged deduction," and we dismissed the trustee's appeal as moot. *Id.*

Tucker argues that "effective relief" remains available with respect to two issues, despite the dismissal of her underlying Chapter 13 bankruptcy plan: (1) whether the district court erred in finding that Chase is a secured creditor in the underlying *Tucker I* case, and (2) whether Chase violated the automatic 14-day stay of the stay-relief order imposed by the Bankruptcy Court. We address these arguments in order.

6

Tucker's argument that her appeal is not moot because it involves the question of whether Chase is a secured creditor is without merit. She claims that the bankruptcy court made a finding, *sua sponte*, that Chase is a secured creditor. But as the Bankruptcy Court correctly pointed out, the question of whether Chase is a secured creditor is one for the state court to decide in *Tucker I*. **[App. 121:13–20.].** Indeed, it has long been settled that "the determination of property rights in the assets of a bankrupt's estate [is left] to state law." *Butner v. United States*, 440 U.S. 48, 54 (1974). State law defines and creates property interests. *Id.* at 55. "Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* at 55. This applies "with equal force to security interests" like the secured-creditor claim Tucker brings today. *Id.*

Because underlying questions of property ownership are determined by looking to state law, we reject Tucker's request that we remand to the district court for a finding on whether Chase is a secured creditor. *Cf. In re Codrington*, 691 F.3d 1336, 1339 (11th Cir. 2012) (certifying underlying questions of property ownership to Georgia Supreme Court).

**B**

Tucker also argues in this appeal that effective relief in the form of sanctions is available because Chase violated the fourteen-day stay of the stay-relief order.

7

A bankruptcy-court order "granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001. A party who violates the automatic stay is subject to various penalties, including the possibility of compensatory and punitive sanctions for any willful violation. 11 U.S.C.A. § 362(k) (2010). Section 105 gives the court broad powers to enforce all the provisions within the title. 11 U.S.C.A. § 105 (2010); s*ee also In re Hardy*, 97 F.3d 1384, 1380–90 (11th Cir. 1996) ("§ 105 grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations") (internal quotations omitted).

As an initial matter, a motion for sanctions that raises issues collateral to the merits of the action is not mooted by resolution of the underlying action. *See Mahone v. Ray*, 326 F.3d 1176, 1180-82 (11th Cir. 2003) (concerning a motion for sanctions brought under Rule 11, Fed. R. Civ. P.); *see also Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316-17 (11th Cir. 2005). And district courts have jurisdiction to entertain claims by debtors that creditors violated the automatic stay, even when those claims are asserted in a separate civil action filed after the bankruptcy case has been dismissed. *See Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1342-43, 1343 n.1 (11th Cir. 2005).

But before the district court, Tucker did not sufficiently raise this issue. True, she did note in her first motion to vacate that Chase moved to reinstate *Tucker I* only a day after the bankruptcy court entered the stay-relief order, and she separately did request sanctions under Rule 9011, Fed. R. Bankr. P.  She further reiterated her factual allegation in her second motion to vacate.  But she did not actually argue the legal point in the bankruptcy court and connect her factual allegation to the request for sanctions.  This failure to "plainly and prominently" raise the issue, such as by devoting a discrete section of her argument to the claim, results in abandonment of it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also First Ala. Bank of Montgomery, N.A.*, 899 F.2d at 1060 n.8 (explaining the reasons why we generally do not consider arguments that have not been appropriately raised below).

The record also contains no indication that Tucker complied with Rule 9011's 21-day safe-harbor provision by giving Chase the opportunity to correct the challenged action.  *See* Fed. R. Bankr. P. 9011(c)(1)(A).  Rule 9011(c)(1)(A) prohibits the filing of a motion for sanctions under it if the movant fails to comply with the 21-day safe-harbor requirement.

And even if we overlook those problems, though Tucker did designate as an issue on appeal to the district court the allegation that Chase violated the stay by acting in *Tucker I* during the fourteen-day period and she indicated that she wanted

to appeal the bankruptcy court's failure to order sanctions for that alleged violation, she then abandoned the sanctions issue in her actual appeal to the district court.  Although she identified the claim in her statement of issues on appeal, she never addressed it in her response to Chase's motion to dismiss, nor did she file an independent brief arguing the claim.  *See Sapuppo*, 739 F.3d at 681.

"Ordinarily an appellate court does not give consideration to issues not raised below," *Hormel v. Helvering*, 312 U.S. 552, 556 (1941), but an appellate court may consider an issue not raised below "if it involves a pure question of law" and "refusal to consider it would result in a miscarriage of justice."  *Roofing & Metal Sheets Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir. 1982).  In the bankruptcy context, we have described this as "a civil version of the plain error rule."  *In re Lett*, 632 F.3d 1216, 1227 (11th Cir. 2011).   Here, the question of whether Chase violated the fourteen-day stay of the stay-relief order is not a pure question of law, so it cannot benefit from this rule.

Alternatively, Tucker argues that her claims lie as an exception to mootness because they are capable of repetition, yet evading review.  But she has failed to show a "reasonable expectation" or "demonstrated probability" that she will face the same issue in the future.  *See Murphy*, 455 U.S. at 483.  The underlying Chapter 13 bankruptcy plan was dismissed because of Tucker's failure to comply with her scheduled plan payments.  While she points out that the 180-day prejudice

10

period preventing her from filing again in bankruptcy court has since passed, we must "look at the events at the present time." *Dow Jones*, 256 F.3d at 1254. And she has suggested nothing more than a "theoretical possibility" of re-filing her bankruptcy plan and being subjected to the same litigation. *See Murphy*, 455 U.S. at 483–84.[1] As a result, Tucker's assertion that the matter is capable of repetition yet evading review is too tenuous to create a "reasonable expectation" of repetition.

## IV

In sum, we determine that the district court did not err in dismissing Tucker's appeal for mootness and, accordingly, affirm.

**AFFIRMED.**

---

[1] Tucker additionally argues that as a procedural matter, the district court violated Federal Rule of Bankruptcy Procedure 8018(a)(4) when it dismissed her appeal. This argument is misplaced. That provision governs dismissals where a bankruptcy appellant fails to file a brief, and it has no bearing on the doctrine of constitutional mootness. *See* Fed R. Bankr. P. 8018(a)(4).