[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10840
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00088-GAP-DAB

GESUCLAIS BRUTUS,

Plaintiff - Appellant,

versus

INTERNAL REVENUE SERVICE,
BANK OF AMERICA,
HERTZ CLAIM MANAGEMENT,
RESIDENTIAL FUNDING CORPORATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Gesuclais Brutus, proceeding *pro se*, appeals the district court's dismissal without prejudice of his civil complaint raising federal claims under the Internal Revenue Code ("IRC") and the Real Estate Settlement Procedures Act ("RESPA"), and a state-law personal injury claim against (1) the Internal Revenue Service ("IRS"), (2) the Residential Funding Corporation, (3) Bank of America, and (4) Hertz Claim Management. On appeal, construing his brief liberally, Brutus argues that the district court abused its discretion by dismissing his complaint under Fed.R.Civ.P. 41(b) for failure to comply with court orders. He also reiterates the substantive arguments in his complaint.

While we liberally construe *pro se* pleadings, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), this obligation "is not the equivalent of a duty to re-write [a complaint] for [the plaintiff]," *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted). In addition, we may affirm the district court on any ground supported by the record. *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir.), *cert. denied*, 129 S. Ct. 767 (2008). "Before we consider the merits of [an] appeal, we must address [the] threshold issue of jurisdiction." *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316 (11th Cir. 2005).

We review a dismissal under Fed.R.Civ.P. 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

"Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotations omitted).

Rule 41(b) provides that, "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). In interpreting this provision, we have held that the district court may *sua sponte* dismiss a case under Rule 41(b). *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

In order to justify dismissal with prejudice as a sanction under Rule 41(b), "[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras*, 465 F.3d at 483. This is true because dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances." *Id.* (quotation omitted). Even so, a dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned,

3

generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, we normally apply "a less stringent standard of review to a . . . dismissal of a suit without prejudice, because the plaintiff would be able to file his suit again." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976). When a dismissal is without prejudice under Rule 41(b) and the plaintiff elects not to amend, we treat the order as an adjudication on the merits. *Robinson v. Fed. Nat'l Mortgage Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982).

Assuming *arguendo* that Brutus has preserved his challenge to the district court's ruling, any claim that the court abused its discretion by dismissing his federal claims under Rule 41(b) lacks merit. By filing the instant complaint without permission, Brutus violated an order and a permanent injunction – which he has not challenged – that the court previously entered in light of his history of filing numerous incomprehensible lawsuits, and which required him to obtain leave before filing any lawsuit and to accompany any submission with a motion for leave to file. Because the court reminded him of these restrictions on multiple prior occasions, and because the dismissal without prejudice allowed him to seek permission to refile, the court did not abuse its discretion by dismissing the federal claims in the instant complaint for failure to comply with court orders.

**AFFIRMED.**