[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12278
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02839-JDW-EAJ


MICHAEL STEPHEN LEVINSON,

Plaintiff - Appellant,

versus

WEDU-TV,
FEDERAL COMMUNICATIONS COMMISSION,
PUBLIC BROADCASTING SERVICE,
NBC UNIVERSAL TELEVISION NETWORK,
AMERICAN BROADCASTING COMPANY, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 1, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael S. Levinson, proceeding pro se, appeals the district court's dismissal of his amended complaint under Fed. R. Civ. P. 8(a) and 41(b) for failure to comply with a court order and for frivolity.  Levinson has filed suit against the FCC and a number of broadcast institutions, NBC, ABC, CBS, CNN, PBS, and FOX, alleging various violations of his First Amendment Rights and alleging that sections of the Federal Communications Act are unconstitutional because the television stations would not allow him to present a "substantive, issue laden two hour speech on behalf of [his] ongoing candidacy for U.S. president."  Because Mr. Levinson fails to present any argument on appeal as to why the district court erred and why he failed to comply with a district court order, and otherwise presents wholly meritless claims, we affirm the district court's judgment.

## I.

Levinson's original complaint contained, as the district court accurately noted, "some 518 pages of rambling, repetitive and often immaterial allegations." As best as this Court can tell, Levinson requested then, and requests now, that the court issue (1) a writ of mandamus to revoke the defendants' broadcast licenses; (2) a writ of mandamus to award him three million dollars in damages from each defendant; and (3) a writ of prohibition declaring the 2001 amendment to the Communications Act found at § 312(a)(7) unconstitutional because it prevented

2

the FCC from revoking the broadcast licenses of the networks that would not televise Levinson's presentation.

Levinson was granted leave to amend his original complaint and was warned not to file another "quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." Rather, to comply with Rule 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Instead of complying with the court order, Levinson filed a 263 page amended complaint (not counting exhibits) that failed to follow the court's instructions in any meaningful way.[1] The district court found that Levinson had willfully disregarded its court order and dismissed the complaint because "any sanction short of dismissal would be ineffective."

II.

We review dismissals for failure to comply with a court order, pursuant to Fed. R. Civ. P. 41(b), for abuse of discretion. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). If a plaintiff fails to comply with a court order, this Circuit has held that a district court may sua sponte dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record

---

[1] Levinson claimed he "cut back" his complaint because he "cannot afford to produce ten copies of a 500 page complaint which may be required upon appeal," but did not acknowledge an attempt to comply with the court.

3

of willful conduct and a finding that lesser sanctions are inadequate.  See Brutus v. IRS, 393 F. App'x. 682, 683 (11th Cir. 2010) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

III.

On appeal, Levinson generally reiterates arguments made below relating to the merits of his claims for access to television broadcasts as a presidential candidate under 47 U.S.C. § 312(a)(7) and § 315(a).  He does not challenge the dismissal for violating Rule 8(a) and for failure to comply with a court order under Rule 41(b), except to state that his 500-page "petition" and 300-page "Addendum" established violations of the First Amendment.  The closest he comes to challenging the district court's finding that he did not comply with a court order is to say that "Appellant did not violate the Federal Rules of Procedure in his original Brief," without additional explanation or citing any authority to prove his contention.  Without more Levinson has abandoned any argument that the district court erred.  See Hamilton v. Southland Christian School, Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough,

4

and the failure to make arguments and cite authorities in support of an issue waives it.").

Even if we construe Levinson's brief liberally in light of his pro se status, we cannot say the district court erred in dismissing his complaint without prejudice, where, in response to the court's order to submit a short and plain statement of his claim, Levinson filed a 263-page amended complaint.  Rather, the district court's findings that Levinson violated Rule 8, and that no sanction short of dismissal would work, are supported by the record.

Also, even assuming the district court was wrong to sanction Levinson by dismissing his case, his complaint had no merit because the First Amendment does not compel the broadcast stations named in the complaint to grant two hours of broadcast time to Levinson.  See Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 675, 118 S. Ct. 1633, 1640 (1998); Belluso v. Turner Commc'ns Corp., 633 F.2d 393, 400-01 (5th Cir. 1980).[2]  To the degree that Mr. Levinson's claim is that private broadcasters did not offer him equal access—as opposed to merely access—his remedy is to file a complaint with the FCC under 47 U.S.C. § 315(a).  But § 315(a) provides no private cause of action and the district court had no jurisdiction to consider such claims.  Belluso, 633 F.2d at 397.  Finally, Levinson failed to allege facts which support a plausible claim for relief against the FCC on

_____

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

any ground other than (possibly) an October 1980 letter sent in response to his complaints at the time.  In re Complaint of Michael Stephen Levinson Against Television Station Licensees, 87 F.C.C.2d 433 (1980).  To the extent Levinson's claims arose from this letter, they are time-barred.  See 28 U.S.C. § 2401(a) (six-year statute of limitations for civil actions against the United States).  Levinson's complaint does not state a viable cause of action, so it was properly dismissed.

Upon careful review of the record, and upon consideration of Levinson's brief, we find no error.

**AFFIRMED.**