IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13768

_____

D.C. Docket No. 1:14-cv-21236-RSR

NANCY K. NEIDICH, Trustee

Plaintiff - Appellant,

versus

EDWARD R. SALAS,

Debtor - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before JORDAN, JULIE CARNES, Circuit Judges, and GOLDBERG,[*] Judge.

JORDAN, Circuit Judge:

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

The primary question in this bankruptcy appeal is whether a debtor can, in his Chapter 13 plan, deduct from his disposable income scheduled payments on a secured mortgage debt, even though he is not making those payments. We leave this question for another day because, due to events taking place after the appeal was filed, the case has become moot.

A case becomes moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotations and citations omitted). Months after the parties filed their briefs, Edward Salas – the debtor – asked the bankruptcy court to dismiss his Chapter 13 case without prejudice so that he could attempt to avoid foreclosure on his home. The district court granted the requested relief, and dismissed Mr. Salas' case without prejudice. So, as things stand now, Mr. Salas does not have a Chapter 13 plan containing the deduction that the trustee objects to.

Given the dismissal of Mr. Salas' Chapter 13 case, any ruling on our part would amount to an impermissible advisory opinion concerning the propriety of the challenged deduction. We therefore join the Tenth, Ninth, and Seventh Circuits, as well as the Bankruptcy Appellate Panels of the First and Eighth Circuits, in holding that the dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings. *See In re Patullo*, 271 F.3d 898, 901

2

(9th Cir. 2001); *Belda v. Marshall,* 416 F.3d 618, 620-21 (7th Cir. 2005); *In re Gordon,* 743 F.3d 720, 722 (10th Cir. 2014); *Melo v. GMAC Mortg., LLC,* 496 B.R. 253, 256 (B.A.P. 1st Cir. 2013); *In re Spencer,* 301 B.R. 730, 733 (B.A.P. 8th Cir. 2003).

The trustee's appeal is dismissed, and the decisions of the district and bankruptcy courts on this matter are vacated pursuant to *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S. Ct. 104, 106 (1950).

**APPEAL DISMISSED AS MOOT.**