[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12615
Non-Argument Calendar
_____

D.C. Docket Nos. 6:15-cv-00643-PGB; 6:14-bkc-03297-ABB

In re:  JAMES E. BAUMANN,
        DEBORA K. BAUMANN,

                                                                    Debtors.
_____

JAMES E. BAUMANN,

                                                        Plaintiff-Appellant,

DEBORA K. BAUMANN,

                                                                    Plaintiff,

versus

PNC BANK, NATIONAL ASSOCIATION,

                                                        Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

James Baumann ("Baumann"), proceeding pro se, challenges the district court's dismissal of his appeal from a bankruptcy court order for lack of standing. PNC, NA ("PNC") is the purported holder of a note on a residence owned by Baumann and his wife, Deborah. When PNC attempted to foreclose on the property, Baumann—but not his wife—filed for Chapter 13 bankruptcy. PNC moved to have the automatic stay lifted with regard to Baumann's wife, as co-debtor on their residence, in order to pursue an in personam suit against her. The bankruptcy court granted the motion. Baumann challenged that decision in the district court and his appeal was dismissed for lack of standing because he was not a "person aggrieved" by the bankruptcy court's order. This appeal followed.

After the close of briefing in this appeal, Baumann voluntarily dismissed his Chapter 13 case in the bankruptcy court. Because the issues raised on appeal involve the terms of Baumann's Chapter 13 plan, this appeal was thereby rendered moot. See Neidich v. Salas, 783 F.3d 1215, 1216 (11th Cir. 2015) ("[T]he dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings."). Accordingly, this appeal is

**DISMISSED.**