[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11853
Non-Argument Calendar
_____

D.C. Docket Nos. 6:15-cv-00405-PGB; 6:13-bkc-04030-KSJ

In Re: JULIE BAKER ZALLOUM,

Debtor.
_____

JULIE BAKER ZALLOUM,

Plaintiff - Appellant,

versus

RIVER OAKS COMMUNITY SERVICES ASSOCIATION, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 5, 2018)

Before JORDAN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Julie Zalloum, proceeding *pro se*, appeals a district court order which dismissed as moot her appeal from the bankruptcy court's order overruling her objections to the proof of claims filed by River Oaks Community Services Association, Inc.'s in her Chapter 13 bankruptcy proceeding. The district court ruled that Ms. Zalloum's challenges were moot because her Chapter 13 case had been dismissed by the bankruptcy court.

Ms. Zalloum argues that the district court erred in dismissing her appeal as moot because (1) an ongoing controversy exists between River Oaks and herself, and (2) the bankruptcy court retains jurisdiction and continues to enter orders relating to other disputes. She also claims that the bankruptcy court erred when it overruled her objections to River Oaks' proofs of claims.

We sit as a second court of review in bankruptcy matters, independently examining the factual and legal determinations of the bankruptcy court, and employing the same standards of review as the district court. *See in re Optical Techs., Inc.*, 425 F.3d 1294, 1299-300 (11th Cir. 2005). We review *de novo* the bankruptcy court's and district court's legal conclusions, and review the bankruptcy court's factual findings for clear error. *See id.* at 1300. Mootness is a

question of law subject to *de novo* review. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).

Article III of the Constitution limits federal court jurisdiction to cases and controversies. *See id.* at 1189. Accordingly, federal courts cannot offer advisory opinions on moot questions or on abstract propositions. *See id.* And federal courts cannot declare principles or rules of law outside those implicated by the matter directly before them. *See id.* A live controversy must exist at all stages of review. *See id.* at 1189-90.

A bankruptcy court's dismissal of a debtor's Chapter 13 case moots an appeal arising from the bankruptcy proceedings because, after dismissal, no Chapter 13 plan exists. *See Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015) (holding that the dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings). Applying *Salas* to this case, the appeal is moot because Ms. Zalloum's Chapter 13 case was dismissed and there is no Chapter 13 proceeding to which Ms. Zalloum could object. We cannot grant any meaningful relief to Mrs. Zalloum in this appeal.

**APPEAL DISMISSED.**

3