[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11066
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00553-CEM,
Bkcy No. 6:16-bkc-08182-RAC

In re:

     ISRAEL OTERO,

Debtor.
_____

ISRAEL OTERO,

Plaintiff-Appellant,

versus

SHELLPOINT MORTGAGE SERVICING,
as servicer for The Bank of New York Mellon,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 24, 2018)

Before TJOFLAT, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Israel Otero, a Chapter 7 debtor proceeding pro se, appeals the dismissal of his appeal from the bankruptcy court's grant of relief from the automatic stay in favor of Shellpoint Mortgage Servicing ("Shellpoint"), as to its mortgage on Otero's Florida real property.  We affirm.

## I. BACKGROUND

Prior to Otero's bankruptcy filing in December 2016, Shellpoint obtained a judgment of foreclosure against him in a Florida state court.  After Otero filed his Chapter 7 bankruptcy petition, Shellpoint moved for relief from the automatic stay, requesting that the bankruptcy court enter an order allowing it to proceed with foreclosure and enforce its mortgage under state law.  The bankruptcy court granted the motion; Otero appealed.  The same day that Otero filed his notice of appeal, the bankruptcy court granted him a Chapter 7 discharge.  The district court later dismissed his appeal as moot after concluding that this discharge dissolved the automatic stay by operation of law and that it could no longer afford meaningful relief on Otero's claim that the bankruptcy court's grant of stay relief was erroneous.

On appeal, Otero argues that the district court erred in determining that his appeal was moot.  In addition to challenging the district court's mootness

2

conclusion, Otero asserts that Shellpoint was not a party-in-interest with standing to seek relief from the automatic stay; he reiterates his previous arguments that, on the merits, Shellpoint lacked authority to enforce the mortgage.

## II. DISCUSSION

In the bankruptcy context, we sit as a "second court of review," examining "independently the factual and legal determinations of the bankruptcy court and employ[ing] the same standards of review as the district court." *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1315 (11th Cir. 2014) (quoting *Torrens v. Hood (In re Hood)*, 727 F.3d 1360, 1363 (11th Cir. 2013)).  We review the bankruptcy court's legal conclusions de novo and will reverse its findings of fact only if clearly erroneous.  *Id.*

Under Article III of the United States Constitution, a federal court's jurisdiction is limited to active "cases" and "controversies."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 726 (2013).  An "actual controversy" must exist through all stages of the litigation.  *Id.* at 90-91, 133 S. Ct. at 726.  One component of this requirement is the mootness doctrine.  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000)

(quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)).

Even if the parties "vehemently . . . continue to dispute the lawfulness of the

conduct that precipitated the lawsuit, the case is moot if the dispute is no longer

embedded in any actual controversy about the plaintiffs' particular legal rights."

*Already, LLC*, 568 U.S. at 91, 133 S. Ct. at 727 (quotation omitted).  "A district

court's decision that a question is moot is subject to plenary review on appeal."

*Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 947 (11th Cir. 1995).

In considering whether a case is moot, we "look at the events at the present

time, not at the time the complaint was filed or when the federal order on review

was issued."  *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

"When events subsequent to the commencement of a lawsuit create a situation in

which the court can no longer give the plaintiff meaningful relief, the case is moot

and must be dismissed."  *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217.

In the bankruptcy context, we have held that "the dismissal of a [bankruptcy]

case moots an appeal arising from the debtor's bankruptcy proceedings."  *Neidich

v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015).  In *Neidich*, the appellant sought

review of whether a debtor, in his Chapter 13 plan, could deduct scheduled

payments on a secured mortgage debt from disposable income even though he was

not making those payments.  *Id.* at 1215.  After the parties filed their briefs, the

debtor asked the bankruptcy court to dismiss his case without prejudice and the

4

court complied. *Id.* at 1216. As a result, the debtor no longer had a Chapter 13 plan containing the objected-to deduction. *Id.* Accordingly, we concluded that "any ruling on our part would amount to an impermissible advisory opinion concerning the propriety of the challenged deduction," and dismissed the trustee's appeal as moot. *Id.*

The filing of a bankruptcy petition operates as an automatic stay against several actions by creditors, such as actions to enforce a lien, or the continuation of judicial actions against the debtor that were commenced prior to the bankruptcy filing. 11 U.S.C. § 362(a)(1). A bankruptcy court order "granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Additionally, regardless of whether a creditor moves for relief from the automatic stay under § 362(d), the stay expires by operation of law upon the bankruptcy court's grant of a Chapter 7 discharge for the debtor. 11 U.S.C. § 362(c)(2)(C). It also expires when a bankruptcy case is dismissed. 11 U.S.C. § 362(c)(2)(B).

Finally, the filing of a timely and sufficient notice of appeal normally divests a lower court of authority to proceed further with respect to any matters involved in the appeal, except in aid of the appeal. *See United States v. Diveroli*, 729 F.3d 1339, 1341-44 (11th Cir. 2013). The general rule regarding divestiture of

5

jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal. *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999).

Otero's challenge to the bankruptcy court's grant of relief from the automatic stay was rendered moot by the bankruptcy court's discharge order. We have specifically held that "the dismissal of a [bankruptcy] case moots an appeal arising from the debtor's bankruptcy proceedings."[1] *Neidich*, 783 F.3d at 1216. Although the case below was not dismissed, the automatic stay in question was dissolved when Otero received his discharge, so any ruling on our part would amount to "an impermissible advisory opinion concerning" the propriety of the order granting relief from the automatic stay. *Id.*; *see also* 11 U.S.C. § 362(c)(2).

Further, Otero's arguments that his appeal is not moot are meritless. As to Rule 4001(a)(3), that Rule simply prevents creditors from taking stay-violative actions during the 14-day window; it says nothing about the bankruptcy court's ability to continue with the proceedings following a grant of stay relief. Additionally, although Otero's notice of appeal divested the bankruptcy court of jurisdiction over its grant of relief from the automatic stay, it did not prevent the bankruptcy court from continuing to proceed with the bankruptcy case in general.

---

[1] Although we have not issued a published opinion applying this rule where the bankruptcy court enters a discharge but does not dismiss the case, the Ninth Circuit Bankruptcy Appellate Panel has held that a bankruptcy discharge moots an appeal from the grant of relief from the automatic stay. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677-78 (B.A.P. 9th Cir. 2014).

*Weaver*, 172 F.3d at 773.  Finally, contrary to Otero's arguments, issues regarding Shellpoint's authority to enforce the mortgage do not present a live controversy in the context of this appeal and are instead questions for the state court in the foreclosure proceeding, as the bankruptcy court's only role below was to determine whether to lift the automatic stay.[2]

Accordingly, the district court properly dismissed Otero's appeal as moot, and we affirm.

**AFFIRMED.**

---

[2] Having concluded that Otero's appeal from the grant of stay relief was moot, we decline to consider his challenges to Shellpoint's status as a party-in-interest or its authority to enforce the mortgage.