[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10339
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-60163-MGC,
Bkcy No. 15-bkc-18660-RBR

In re:

PAULA JO KUNSMAN,

Debtor.

_____

PAULA JO KUNSMAN,

Plaintiff-Appellant,

versus

JOEL WALL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 26, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Paula Jo Kunsman, a Chapter 13 debtor proceeding pro se, appeals from the district court's order dismissing her appeal of the bankruptcy court's denial of her 14th Amended Chapter 13 Plan (the "14th Plan") and dismissal of her bankruptcy case. We liberally construe Kunsman's brief as challenging: (1) the bankruptcy judge's denial of her request for recusal; (2) the bankruptcy court's dismissal of her bankruptcy case; and (3) several ancillary actions of the bankruptcy court. We address each issue in turn.

## I.  DISCUSSION

### A.  Recusal[1]

A federal judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal under § 455(a) is required only when the alleged bias is personal in nature—that is, it stems from an extrajudicial source. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Adverse rulings alone, either in the same or a related case, generally do not constitute a valid basis for recusal. *Id.* The standard is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on

---

[1] We review both a denial of a motion for disqualification and a refusal to recuse for an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000); *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988).

which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin*, 225 F.3d at 1239.

In addition, 28 U.S.C. § 144 provides for disqualification of a judge upon a party's making and timely filing a sufficient affidavit attesting that the judge has a personal bias or prejudice for or against any party. 28 U.S.C. § 144. The affidavit must "be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," unless good cause excuses a delay, and it must "be accompanied by a certificate of counsel of record stating that the affidavit is made in good faith." *Id.*; *see United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015). Before the judge recuses himself, the "§ 144 affidavit must be strictly scrutinized for form, timeliness, and sufficiency." *Perkins*, 787 F.3d at 1343 (quotation omitted). And in order to prevail under § 144, the moving "party must allege facts that would convince a reasonable person that bias actually exists." *Christo*, 223 F.3d at 1333. The alleged bias or prejudice under § 144 must stem from an extrajudicial source, or it must demonstrate a predisposition "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 544, 551 (1994). Unsupported and conclusory allegations are not sufficient to warrant disqualification. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988).

3

Kunsman fails to show that the bankruptcy judge should have recused himself or been disqualified from her bankruptcy proceedings.  The only "bias" she points to are adverse decisions in the case, and nothing in the record reflects facts which would suggest the judge had a predisposition "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.  Moreover, Kunsman failed to comply with § 144's procedure for seeking to disqualify the bankruptcy judge.  She did not file an affidavit, and she otherwise offered no verified facts to support her conclusory allegations that the judge was biased.  The bankruptcy judge therefore did not abuse his discretion by declining to recuse himself.

## B.  Dismissal[2]

When appealing a bankruptcy-court order to the district court, the appellant must designate the items to be included in the record on appeal, including transcripts of oral rulings.  Fed. R. Bankr. P. 8009(a)(1)(A), (a)(4).  To challenge a finding or conclusion as unsupported by or contrary to the evidence, the appellant must designate the transcript of any relevant testimony or exhibits as a part of the record on appeal.  Fed. R. Bankr. P. 8009(b)(5).

---

[2] "As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005) (quotation omitted).  Specifically, we review the bankruptcy court's factual findings for clear error, and we review de novo the legal conclusions of both the bankruptcy court and the district court. *Id.*  Dismissals "for cause" are reviewed for abuse of discretion. *In re Piazza,* 719 F.3d 1253, 1271 (11th Cir. 2013).  That standard allows for a "range of choice for the [bankruptcy] court, so long as that choice does not constitute a clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994).

The Federal Rules of Appellate Procedure also specify that if an appellant intends to urge on appeal that a finding or conclusion is unsupported by or contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion. Fed. R. App. P. 10(b)(2). We have explained that the appellant has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." *Selman v. Cobb Cty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006) (referring to this as the "absence-equals-affirmance-rule"); *see also Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1224 (11th Cir. 2012) . A pro se litigant's pleadings are construed liberally, but pro se litigants must nonetheless conform to procedural rules, including the requirement that an appellant provide relevant transcripts for the record on appeal. *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002).

The Bankruptcy Code provides that, after notice and a hearing, a Chapter 13 case may be dismissed "for cause." 11 U.S.C. § 1307(c).[3] The Code also suggests that a dismissal "for cause" would be appropriate where a Chapter 13 plan was not confirmed, and a debtor's request for additional time to file a new plan was denied.

---

[3] Section 1307(c) also requires that a dismissal "for cause" be issued upon motion by the Trustee or a party in interest, but Kunsman does not argue the bankruptcy court erred in dismissing the case sua sponte and has therefore abandoned any challenge in that regard. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

*Id.* § 1307(c)(5). We have noted, however, that the enumerated examples in the similarly-worded provision under Chapter 7 are non-exhaustive. *In re Piazza*, 719 F.3d 1253, 1261 (11th Cir. 2013).

Kunsman's Chapter 13 plan was denied confirmation, and she does not dispute that she never made a request for additional time to file a new plan. Thus, the bankruptcy court may have been within its discretion to dismiss Kunsman's case "for cause." In any event, we affirm the dismissal of Kunsman's bankruptcy case under the absence-equals-affirmance rule. *See Pensacola Motor Sales Inc.*, 684 F.3d at 1224. Kunsman failed to order transcripts or otherwise provide a record of the proceedings that occurred in the bankruptcy court, particularly the January 2016 confirmation hearing. The bankruptcy court's order denying confirmation and dismissing the case does not set forth its reasoning; instead, it references "reasons argued and stated on the record." Without a transcript of the confirmation hearing, we cannot meaningfully review Kunsman's arguments or determine whether the bankruptcy court abused its discretion by dismissing her case.

## C. Ancillary Actions[4]

Under Article III of the United States Constitution, our jurisdiction is limited to "ongoing cases or controversies." *Flanigan's Enters., Inc. of Ga. v. City of*

---

[4] We review jurisdictional issues, such as whether a case has become moot, sua sponte and de novo. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005).

*Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc).  As "the Supreme Court has made clear," we have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [us]."  *Christian Coal. of Fla., Inc. v. United States,* 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted).  In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued."  *Dow Jones & Co., Inc. v. Kaye,* 256 F.3d 1251, 1254 (11th Cir. 2001).  We have also held that "the dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings."  *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015).

Because we affirm the bankruptcy court's dismissal of Kunsman's Chapter 13 case, her additional challenges to the bankruptcy court's administration of her case are now moot.  *See Neidich*, 783 F.3d at 1216.

## II.  CONCLUSION

We affirm the bankruptcy court's dismissal of Kunsman's Chapter 13 case and its denial of recusal.  We dismiss the remainder of Kunsman's appeal because it involves moot issues.  We likewise deny as moot Kunsman's request for counsel in any further bankruptcy proceedings.

7

**AFFIRMED IN PART AND DISMISSED IN PART; MOTION DENIED.**