[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14131
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-23526-CMA; 1:17-bkc-18157-LMI

In re: ALBERTO SOLER SOMOHANO,

Debtor.

_____

ALBERTO SOLER SOMOHANO,

Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2019)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Alberto Soler Somohano, a bankruptcy debtor proceeding *pro se*, appeals the

district court's dismissal of his appeal of an August 2018 bankruptcy court order

(1) denying the Federal National Mortgage Association's ("Fannie Mae") motion for relief from the automatic stay as moot and (2) ruling that the automatic stay did not apply to the real property that was subject to the mortgage Fannie Mae was seeking to enforce.  The district court dismissed the appeal after concluding that the bankruptcy court's denial of stay relief was not a final, appealable order.  We do not decide whether the district court erred in dismissing Somohano's appeal because the subsequent dismissal of his bankruptcy case has rendered this appeal moot.  Accordingly, we dismiss this appeal.

"We review jurisdictional issues *de novo*."  *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008).  Furthermore, "we are obligated to consider jurisdiction even if it means raising the issue *sua sponte*,"  *id.*, and, "if a suit is moot, . . . [we] lack subject matter jurisdiction to entertain it."  *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).

In order to meet our obligation to ensure jurisdiction, we directed the parties to address whether the bankruptcy court's subsequent dismissal of Somohano's bankruptcy proceedings mooted his appeal.  Normally, "dismissal of a [bankruptcy] case moots an appeal arising from the debtor's bankruptcy proceedings."  *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015); *see also* 11 U.S.C. § 362(c)(2)(B) (providing that an automatic bankruptcy stay dissolves when the underlying case is dismissed).  Somohano counters that the dismissal of his

2

bankruptcy case has not been finalized because his motion to alter or amend the bankruptcy court's dismissal order under Federal Rule of Bankruptcy Procedure 9023—which is a tolling motion—remains pending.  Fed. R. Bankr. P. 8002(b)(1)(B), 8002(b)(2).  We would agree, if his motion truly were still pending.

Although the bankruptcy court did not rule separately on Somohano's Rule 9023 motion before discharging his bankruptcy proceedings, it considered that motion in ruling on his subsequent motion styled *9024 Vacate Action Upon Yet Again Hate Order [DE/265]*.  Fed. R. Bankr. P. 9024.  In its order denying that Rule 9024 motion, the bankruptcy court described the prior Rule 9023 motion as "unintelligible."  The court explained that the Rule 9023 motion "would have been denied" even if it had been "brought to the Court's attention" earlier because the motion "does not indicate in any way the relief the Debtor seeks."  Because the court expressly considered the Rule 9023 motion and rejected it as meritless in the process of denying the Rule 9024 motion, the court's order had the effect of denying both motions.  Somohano did not seek timely relief from the order denying his Rule 9024 motion, so the dismissal of his bankruptcy case has become final.  Fed. R. Bankr. P. 8002(a)(1), (b)(3).[1]  As a result, the stay that Somohano

---

[1] Somohano did appeal the dismissal and subsequent discharge of his bankruptcy proceedings. The procedural details of those appeals are complicated, but for our purposes it is enough to note that the last surviving appeal that could have revived Somohano's bankruptcy case was dismissed on January 29, 2019.  Somohano has not sought relief from that order.  The dismissal of his bankruptcy proceedings, therefore, became unappealable at the latest 14 days later.

3

seeks to revive will remain dead, regardless of what we decide today.  *See Neidich*,

783 F.3d at 1216 ("A case becomes moot when it is impossible for a court to grant

any effectual relief whatever to the prevailing party." (quotation marks and citation

omitted)).  Accordingly, this appeal is moot.

**APPEAL DISSMISSED AS MOOT.**