[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14725
Non-Argument Calendar
_____

D.C. Docket Nos. 6:17-cv-00881-CEM; 6:13-bk-04030-KSJ

In re: JULIE BAKER ZALLOUM,

Debtor.
_____

JULIE BAKER ZALLOUM,

Plaintiff-Appellant,

versus

BANK OF NEW YORK MELLON CORPORATION (THE),
as Trustee for the Certificate Holders of CWalt, Inc.,
Alternative Loan Trust 2006-OA11, Mortgage Pass-Through
Certificates, Series 2006-OA11
f.k.a. The Bank of New York,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 16, 2020)

Before MARTIN, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Julie Zalloum, proceeding *pro se*, appeals a district court's orders (a) dismissing her appeal of a bankruptcy court's orders granting Bank of New York Mellon Corporation relief from an automatic stay and denying her associated motion for reconsideration, both on the grounds that her case was moot; and (b) denying Zalloum's subsequent motion for reconsideration of the dismissal of her appeal.  Zalloum argues that the district court erred in finding that her appeal was moot and that the bankruptcy court erred in granting relief from the automatic stay and denying her motion for reconsideration.

"Whether a case is moot is a question of law that we review de novo." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992)). Accordingly, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal quotation marks and citation omitted).  "An issue is moot when it no longer presents a live

2

controversy with respect to which the court can give meaningful relief." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks and citation omitted).

"[T]he dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings." *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015). When a district court dismisses a case as moot, we treat its "determination as if it was ruling on a motion to dismiss for lack of subject matter jurisdiction." *Sheely*, 505 F.3d at 1182. In considering whether a case is moot, "we look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

Because this appeal is limited to the question whether the district court erred in dismissing Zalloum's appeal as moot, Zalloum's various challenges to the bankruptcy court's orders granting relief from the automatic stay and denying her motion for reconsideration are not properly before us.[1] *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice

---

[1] To the extent that Zalloum asks us to take judicial notice of certain affidavits and pleadings to support her challenges to the bankruptcy court's orders, her request is therefore denied.

of appeal.").  The district court correctly dismissed Zalloum's appeal as moot, because her Chapter 13 case had already been dismissed—there was no live controversy for the district court to address here.  Accordingly, we affirm.

**AFFIRMED.**