**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-1021

———————

IN RE: ROBERT W. KNAAK, Appellant

ROBERT W. KNAAK

v.

WELLS FARGO BANK, N.A.; CREDIT MANAGEMENT GROUP; CHRISTOPHER
FORD, Esquire

—————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 19-cv-00522)
District Judge:  Honorable Noel L. Hillman

—————————————————————

———————

No. 20-1022

———————

IN RE: ROBERT W. KNAAK, Appellant

ROBERT W. KNAAK

v.

WELLS FARGO BANK, N.A.

—————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 19-cv-05523)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2020
Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed:  September 28, 2020)
_____

OPINION*
_____

PER CURIAM

In these related cases, Robert Knaak, proceeding pro se, appeals a decision of the United States District Court for the District of New Jersey affirming orders of the United States Bankruptcy Court for the District of New Jersey.  We will dismiss Knaak's appeals as moot.

In July 2018, Knaak filed a Chapter 13 bankruptcy petition.  Wells Fargo Bank, N.A. filed a proof of claim based on Knaak's personal guaranty of a loan to Knaak Family Real Estate Holdings, LLC.  In October 2018, Knaak brought an adversary proceeding claiming that Wells Fargo lacked standing and sought to strike the proof of claim.  He alleged that Wells Fargo misstated in its filing that its claim is unsecured, and that it had not acquired the claim when it had in fact acquired it from Wachovia Bank, N.A.  He also asserted that it was unclear whether Christopher Ford, who signed the proof of claim, works as an attorney for Wells Fargo or with a debt collection firm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Knaak sought, among other things, an order prohibiting Ford from certifying documents. Wells Fargo moved to dismiss the complaint.

The Bankruptcy Court granted Wells Fargo's motion to dismiss on December 10, 2018. The Bankruptcy Court ruled that none of Knaak's allegations, even if true, supported invalidating the proof of claim. To the extent Knaak alleged that Wells Fargo had misstated whether it had acquired the loan, the Bankruptcy Court stated that this question is used to clarify the proper creditor, and that Knaak was aware that Wells Fargo is the successor by merger to Wachovia Bank and a proper creditor. It noted that Knaak had acknowledged that he makes payments to Wells Fargo and stated that a transfer of the guaranty was not needed to give Wells Fargo the right to enforce it.

The Bankruptcy Court further found that Wells Fargo's designation of the claim as unsecured was accurate, rejected any argument that Wells Fargo does not have a claim or lacks standing because the debt he guaranteed is not in default, and ruled that Ford could file the proof of claim for Wells Fargo. The Bankruptcy Court also noted that Wells Fargo's claim, which was in the amount of $686,411, put Knaak over the debt limit for filing a Chapter 13 case. It gave Knaak time to convert his case to another chapter for which he is eligible.

Knaak filed a notice of appeal of the December 10, 2018, decision and a motion for reconsideration. In his motion, Knaak challenged the Bankruptcy Court's statement that he is ineligible to proceed under Chapter 13 and asserted that the Bankruptcy Court did not consider documents he had filed on the day of the hearing on the motion to

3

dismiss. The Bankruptcy Court denied the motion for reconsideration on January 7, 2019. It stated that the documents Knaak filed were untimely and that Knaak was able to present his arguments at the hearing. The Bankruptcy Court stated that Knaak's argument about the conversion of his case was more appropriately heard in his main bankruptcy case and that he had filed a duplicative motion in that case. The Court also noted that it lacked jurisdiction to consider any issues that he intended to pursue on appeal. Knaak appealed the denial of reconsideration.

Shortly before the Bankruptcy Court dismissed the adversary complaint, on December 4, 2018, Knaak filed a second adversary complaint against Wells Fargo seeking an order striking its proof of claim and voiding the related loan documents. Knaak alleged, among other things, that his copy of the note has a maturity date of December 18, 2014, but the copy filed by Wells Fargo shows a maturity date of December 18, 2017. He argued that the note is null and void due to the uncertainty of the maturity date and because the date was altered. Wells Fargo again moved to dismiss the complaint.

On February 1, 2019, the Bankruptcy Court granted the motion to dismiss. The Court stated that Knaak had raised the same argument in a motion that he had filed in his main bankruptcy case, that it had rejected the argument in a January 15, 2019, order, and that res judicata precluded a different result. The Bankruptcy Court also found, as it had in its decision in his main bankruptcy case, that the maturity date of the note is December 18, 2017. It agreed with Wells Fargo that Knaak did not deny that the limited liability

4

company had received loan proceeds, that he guaranteed payment of the loan and the loan had not been repaid, and that the balance is due whether the note matured in 2014 or in 2017.  Knaak appealed the order of dismissal.

On January 15, 2019, the Bankruptcy Court also adjudicated Knaak's motion in his main bankruptcy case objecting to its conclusion that he is ineligible to proceed under Chapter 13 because his unsecured debt exceeded the statutory limit.  The Court ruled that Knaak is ineligible and allowed him to convert his case.  On February 12, 2019, Knaak's case was converted to Chapter 11.  On May 17, 2019, the Acting United States Trustee moved to convert Knaak's case to Chapter 7 or dismiss it because Knaak had, among other things, failed to file required monthly operating reports.  In response, Knaak stated that he had not filed the reports, that he was negotiating with Wells Fargo to pay back the loan, and that the limited liability company had retained counsel to help resolve issues outside of bankruptcy.  Knaak objected to a conversion to Chapter 7, stated that there was no benefit to himself or his creditors to remain in bankruptcy, and asked the Court to dismiss the case.  On July 8, 2019, the Bankruptcy Court dismissed the case.[1]

On December 18, 2019, the District Court affirmed the Bankruptcy Court's orders in the adversary proceedings.  The District Court ruled that Knaak had shown no error in

---

[1] The Court noted that the case would be reopened and converted to Chapter 7 if Knaak did not file the reports and pay any outstanding fees within twenty days.  The case was not reopened and there has been no further docket activity in the case.

the dismissal of his first adversary complaint, the denial of reconsideration, or the dismissal of his second adversary complaint. These appeals followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). We exercise plenary review of the determinations of the District Court, which sat as an appellate court in review of the Bankruptcy Court. In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 (3d Cir. 2002). We review the Bankruptcy Court's legal determinations de novo and its factual findings for clear error. Id.

Knaak reiterates on appeal the allegations in his first adversary complaint and asserts that Wells Fargo lacked standing to file a proof of claim in his bankruptcy case. In light of the dismissal of Knaak's underlying bankruptcy case, we must consider whether this issue is moot.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 568 U.S. 165, 171 (2013). We may not decide questions that cannot affect the rights of litigants in the case before us. Id. at 172. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Id. (internal quotations and citation omitted).

---

[2] The appeal docketed at C.A. No. 20-1021, which relates to D.N.J. Civ. No. 19-cv-00522, encompasses Knaak's appeal of the December 10, 2018, decision dismissing his adversary complaint and the January 7, 2019, order denying his motion for reconsideration. Although Knaak filed an earlier appeal of the December 10, 2018, decision that was dismissed for failure to file a designation of the record on appeal and a statement of issues, see D.N.J. Civ. No. 18-cv-17309, Knaak's motion for reconsideration tolled the time to file a notice of appeal from the December 10, 2018, decision, see Fed. R. Bankr. P. 8002(b), 9023, and his appeal of the January 7, 2019, order encompasses that decision. The appeal docketed at C.A. No. 20-1022 relates D.N.J. Civ. No. 19-cv-

The dismissal of a bankruptcy case may moot an appeal arising from the debtor's bankruptcy proceedings. See e.g., Neidich v. Salas, 783 F.3d 1215 (11th Cir. 2015) (citing cases). Although adversary claims may not become moot when a related bankruptcy case is dismissed, see Matter of Statistical Tabulating Corp., Inc., 60 F.3d 1286, 1289-90 (7th Cir. 1995), here the matter on appeal – whether Wells Fargo had standing to file a proof of claim – is dependent on the existence of the bankruptcy. Knaak appears to argue in his brief that Wells Fargo's proof of claim is invalid because Wells Fargo lacked standing and did not have a judgment against him, but success on this argument would have no effect because Wells Fargo is no longer asserting a claim against Knaak in the underlying bankruptcy case, which Knaak agreed should be dismissed.

We reach a similar conclusion regarding Knaak's appeal related to the dismissal of his second adversary proceeding challenging the proof of claim based on allegations that the note is void. Knaak contends on appeal that the Bankruptcy Court erred in applying res judicata and that questions as to the maturity date of the loan that he guaranteed deprived Wells Fargo of standing in the Bankruptcy Court. To the extent Knaak seeks a ruling that the proof of claim is invalid or that the loan documents upon which Wells Fargo relied for purposes of its claim are null and void, his appeal is moot for the reason stated above.

---

05523 and involves the dismissal of Knaak's second adversary complaint.

7

Knaak asserts in his brief that the Bankruptcy Judge was biased against him and violated his constitutional rights, but success on these arguments would have no effect where the adversary proceedings challenged Wells Fargo's standing to file a proof of claim in a bankruptcy case that has been dismissed.

Accordingly, we will dismiss these appeals as moot.