[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21–12114

Non-Argument Calendar

_____

In Re: ROBERT WALKER,
 TAMIKO N. PEELE,

                                                    Debtors.

_____

ROBERT WALKER,
TAMIKO N. PEELE,

                                        Plaintiffs-Appellants,

*versus*

K. DRAKE OZMENT,
OZMENT LAW, PA,

                                        Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80537-AMC

———————————————

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges

PER CURIAM:

Robert Walker and Tamiko Peele are Chapter 13 debtors proceeding *pro se*. They appeal a district-court order denying their motion for a "temporary injunction,"[1] a stay, and other relief. Because a denial of a stay is not appealable, we previously dismissed that part of the appeal. But we did not address whether we have jurisdiction over the rest of the appeal. We now hold that we have jurisdiction over the portion of the appeal that seeks a temporary injunction. We affirm the district court's order refusing that temporary injunction, and we deny several motions that Walker and Peele (hereinafter "debtors") have made in this Court.

The facts of the case are known to the parties, and we do not repeat them here except as necessary to decide the issues before us.

---

[1] Whether Walker and Peele sought a preliminary injunction or a temporary restraining order is unclear.

# I

We address jurisdiction first.  Our jurisdiction typically extends only to appeals from final orders, but we also have jurisdiction to hear appeals from interlocutory district-court orders refusing injunctions.  28 U.S.C. § 1292(a)(1).  Debtors moved for a "temporary injunction," and that motion was denied.  "Temporary injunction" may not be a familiar term of art, but we construe *pro se* filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  It's clear to us—as it was to the district court—that debtors sought injunctive relief.  We therefore regard the district court's order denying their motion as an order refusing injunctive relief.

Debtors' appeal is not moot even though the bankruptcy court has dismissed their Chapter 13 case.  Dismissal of a Chapter 13 case moots an appeal only if the dismissal makes it impossible to grant effectual relief.  *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015).  Thus, for instance, when a debtor appeals a deduction in his Chapter 13 plan, the dismissal of the underlying Chapter 13 case moots the debtor's appeal—for there *is no* deduction in a Chapter 13 plan once the Chapter 13 case is dismissed.  *Id.*  But when a debtor's appeal challenges a "collateral" aspect of a Chapter 13 case—say, when a debtor seeks sanctions against a creditor for flouting a stay-relief order—dismissal of that Chapter 13 case does not moot the appeal.  *See In re Tucker*, 743 F. App'x 964, 967–68 (11th Cir. 2018).

Debtors challenge collateral aspects of their Chapter 13 case. As best we can tell, debtors moved for three "temporary injunctions":

1. one forcing defendants Ozment and Ozment Law—debtors' counsel in the bankruptcy proceeding—to relinquish debtors' property and records, notify debtors when that happens, provide them an opportunity to pursue their appeal, cease collection efforts, and return their money with interest;

2. one forcing several nonparties to cease paying debtors' hazard insurance and tax obligation, cease taking payments from the debtors, and reissue debtors' previous payments back to the debtors; and

3. one forcing Ozment, Ozment Law, and several nonparties to cease disposing of debtors' assets and return debtors' property.

At least some of these are collateral matters. Former clients are entitled to records from former counsel, for example, no matter how the suit for which they hired counsel plays out. The district court thus could, in theory, grant effectual relief on at least one of debtors' motions: It could order Ozment Law to turn over certain records. Debtors' appeal, therefore, isn't moot.

## II

Still, the appeal fails. We generally reverse denials of preliminary injunctions only if the district court abused its discretion. *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 238 F.3d 1300, 1308 (11th Cir. 2001). But debtors have abandoned any claim that the district court abused its discretion when it denied their motion for a "temporary injunction."

An appellant abandons any claim not briefed before this Court, made in passing, or raised briefly without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Even *pro se* litigants abandon issues not raised on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Here, debtors have not addressed whether the district court abused its discretion by denying their motion for injunctive relief. Their brief abounds in accusations, but it says little about why those accusations warrant the injunction they seek. The brief doesn't even address the order denying their request for injunctive relief. Put simply, this Court has not been briefed on whether debtors deserve their sought-after injunction. Debtors have thus abandoned that claim.

## III

Debtors have also made several other motions before this Court. These include a motion for fees and expenditures and a motion for leave to file an unspecified document with excess pages.

Both these motions include language that might be construed as other motions.

These motions are all denied. The motion for fees is denied because debtors haven't shown that this case falls within any of the three "narrowly defined circumstances [in which] federal courts have inherent power to assess attorney's fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). That is, they haven't shown that their own litigation efforts have directly benefitted others, or that their opponents have willfully disobeyed a court order, or that an opposing party has acted in bad faith. *Id.* at 45–46.

The motion to file an unspecified document with excess pages is denied because, well, it's unspecified. Without knowing what debtors wish to file, it'd be premature to grant a request to file it.

The remaining motions are denied because they defy our order that debtors file "separate motions for each request" for relief.

**AFFIRMED**. Motions before this Court are **DENIED**.