[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10205

Non-Argument Calendar

_____

In Re: ROBERT L. WALKER,
 TAMIKO N. PEELE,

                                                                Debtors.

_____

ROBERT WALKER,
TAMIKO N. PEELE,

                                                        Plaintiffs-Appellants,

*versus*

BARRY S. MITTELBERG,
BARRY S. MITTELBERG, PA,

2                    Opinion of the Court                 21-10205

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81366-WPD

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Robert Walker and Tamiko Peele, Chapter 13 debtors pro-
ceeding *pro se*, appeal the district court's order affirming the bank-
ruptcy court's orders granting Barry Mittelberg's motions to allow
a late-filed claim and for relief from a stay.  Their notices of appeal
indicate that they also seek to challenge the district court's orders
granting various filing extensions.

After Walker and Peale filed this appeal, the bankruptcy
court dismissed their Chapter 13 case.  We recently dismissed their
separate appeal of the district court's denial of their motion to re-
consider that Chapter 13 case's dismissal.  *Walker v. U.S. Bank
Nat'l Ass'n*, No. 21-13937, 2022 WL 5237915, at *1 (11th Cir. Oct.
6, 2022).  We also recently affirmed the district court's denial of a
temporary injunction against their attorneys in the bankruptcy pro-
ceeding.  *In re Walker*, No. 21-12114, 2022 WL 4477259, at *1 (11th
Cir. Sept. 27, 2022).

We now deny as moot[1] Walker and Peale's appeal of orders related to Mittelberg—Walker's attorney in a previous personal-injury case.  As we explained in our earlier decision, we lack jurisdiction if a case is moot—for example, because the dismissal of a Chapter 13 case makes it impossible to grant the prevailing party any effectual relief.  *Id.* at *1 (citing *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015)).  We can provide relief on collateral matters, but we can't change the completed bankruptcy plan.  *Id.*

Here, this appeal is moot because the district court order that Walker and Peale challenge relates to Mittelberg's claim in the bankruptcy plan—it doesn't concern a collateral matter.  To the extent any of the various grievances and requests for relief that Walker and Peele raise on appeal are collateral matters, those arguments and requests for relief are outside the scope of this appeal.[2]

**DISMISSED AS MOOT.**

---

[1] We review jurisdictional issues *de novo* and can consider jurisdiction *sua sponte*.  *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008).

[2] Walker and Peele also move for fees and costs and for judicial notice of related proceedings.  We conclude that granting that relief would be inappropriate here.  Accordingly, we deny those motions as moot.