**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12109

Non-Argument Calendar

————————————————

In Re: 700 TRUST,

*Debtor.*

——————————————————————————

700 TRUST,

*Plaintiff-Appellant,*

*versus*

NAPLES PROPERTY HOLDING COMPANY, LLC.,

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC.,

NAPLES BEACH CLUB PHASE II AND III LAND TRUST

TRUSTEE, LLC.,

NBC CLUB OWNER, LLC.,

TIDES NOTE ON NOTE LENDER I, LLC.,

*Interested Parties-Appellees.*

2                          Opinion of the Court                     25-12109

—————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cv-00237-MW-ZCB

—————————————————

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Debtor 700 Trust appeals the district court's order and judgment dismissing four consolidated bankruptcy appeals. We lack jurisdiction over the appeal.

After 700 Trust filed a Chapter 11 bankruptcy petition in the Northern District of Florida, it filed four notices of appeal to the district court. The notices challenged five rulings of the bankruptcy court: (1) an order to show cause as to why the case should not be transferred or dismissed; (2) an interim order granting relief from the automatic bankruptcy stay; (3) a final order granting stay relief; (4) a memorandum opinion finding that the case should be transferred to the Middle District of Florida; and (5) an order transferring the case to the Middle District. The district court dismissed the appeals for want of prosecution and failure to follow a court order. And after the bankruptcy case was transferred to the Middle District, that bankruptcy court dismissed the case.

We issued a jurisdictional question asking the parties to address whether each of the appealed bankruptcy court orders was final or otherwise appealable. 700 Trust did not respond. Appellees, a group of interested parties who appeared in the bankruptcy proceedings, respond that the show-cause order was not an

appealable order, nor were the memorandum opinion and order transferring the case. As to the stay-relief orders, Appellees argue that the appeals of those orders are now moot because the Chapter 11 case was dismissed.

We can review bankruptcy appeals only where both the appealed bankruptcy and district court orders are final or otherwise appealable. *Mich. State Univ. v. Asbestos Settlement Tr. (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012). Orders transferring bankruptcy cases are not final and appealable. *Macon Uplands Venture v. Metro. Life Ins. Co. (In re Macon Uplands Venture)*, 624 F.2d 26, 27-28 (5th Cir. 1980).

We lack jurisdiction over appeals brought by appellants who lack appellate standing, as only a litigant aggrieved by an order may appeal. *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003). We also lack jurisdiction over moot appeals in which we cannot grant the prevailing party any effectual relief. *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015). The dismissal of a bankruptcy case can moot an appeal arising from a debtor's bankruptcy proceedings. *Id.*

Here, we lack jurisdiction over each of the appealed bankruptcy rulings. First, the show-cause order is not appealable because that order did not aggrieve 700 Trust, as it merely asked it to address why the bankruptcy case should not be transferred or dismissed. *See Wolff*, 351 F.3d at 1353-54. Second, the memorandum opinion and order transferring the case are not final or otherwise appealable rulings. *See Macon Uplands*, 624 F.2d at 27-28. Finally,

4                    Opinion of the Court                    25-12109

the appeals of the stay-relief orders are moot because the bank-ruptcy case has been dismissed. *See Neidich*, 783 F.3d at 1216.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.